OPINION
Defendant-Appellant, Mark Cutshall ("appellant"), appeals from the judgment entered in the Coshocton County Court of Common Pleas ordering him to reimburse the Coshocton County Department of Human Services ("DHS") for any and all aid for dependent children benefits paid to his former spouse, Wendy Cutshall ("mother") on behalf of the minor children of appellant and mother. Appellant assigns as error:
 I THE TRIAL COURT ERRED WHERE IT AWARDED JUDGMENT TO THE DEPARTMENT OF HUMAN SERVICES AGAINST THE APPELLANT FOR AID TO DEPENDENT CHILDREN (ADC) PAID ON BEHALF OF HIS MINOR CHILDREN WHEN THE EVIDENCE DEMONSTRATED THAT HE DID NOT FAIL TO SUPPORT HIS MINOR CHILDREN.
 II THE TRIAL COURT ERRED WHERE IT AWARDED JUDGMENT TOT HE DEPARTMENT OF HUMAN SERVICES AGAINST THE APPELLANT FOR AID TO DEPENDENT CHILDREN (ADC) PAID ON BEHALF OF HIS MINOR CHILDREN BECAUSE THE DHS RULE CONCERNING SHARED PARENTING IS IN CONFLICT WITH O.R.C. 3109.04
(A)(2) THEREFORE MAKING THE AWARD OF ADC IMPROPER UNDER OHIO LAW.
 III THE TRIAL COURT ERRED WHERE IT AWARDED JUDGMENT TO THE DEPARTMENT OF HUMAN SERVICES AGISNT THE APPELLANT FOR AID TO DEPENDANT CHILDREN (ADC) PAID ON BEHALF OF HIS MINOR CHILDREN BECAUSE THE DHA RULE CONCERNING SHARED PARENTING DENIED HIM OF DUE PROCESS OF LAW.
 IV THE TRIAL COURT ERRED WHERE IT AWARDED JUDGMENT TO THE DEPARTMENT OF HUMAN SERVICES AGAINST THE APPELLANT FOR AID TO DEPDENDANT CHILDREN (ADC) PIAD ON BEHALF OF HIS MINOR CHILDREN BECAUSE SAID AWARD RELEGATES O.R.C. 3103.03.
Appellant and mother were married on September 7, 1991 and two children were born of the marriage, to wit: Austin, born February 22, 1992, and Haley, born July 13, 1993. By judgment entered September 13, 1994, appellant and mother dissolved their marriage and entered into a shared parenting plan. This plan provided that each parent would spend fifty percent of the time each week with the minor children. Appellant was specifically named as the residential parent and legal custodian of the minor children and named appellant's residence as the children's primary residence. This plan also provided that neither party would pay child support.
At some point after the dissolution, mother applied for and began receiving Aid for Dependent Children ("ADC") from DHS. The evidence indicated that appellant had been and continues to provide one half or more support for his children, including, but not limited to, maintaining the primary residence of the children, clothing for the children, medical insurance for the children and meals for the children.
DHS sought reimbursement from appellant for the ADC payments made to the mother on behalf of the minor children. A hearing on the matter was conducted resulting in the Coshocton County Court of Common Pleas ordering appellant to reimburse DHS for all ADC payments made to his children.
 I
Appellant's appeal challenges the decision of the trial court to award DHS reimbursement for payments made to the mother. Appellant claims that the decision is against the manifest weight of the evidence because he did not fail to support his children. Appellant argues the Department of Human Service's Rule, O.A.C. 5101:1-3-041(B)(1995) is in conflict with R.C. 3109.04(A)(2); the DHS regulation denied him due process and the trial court's decision relegates R.C. 3103.04 and places the burden on appellant's former spouse to repay the child support.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610.
Appellant claims that because he paid for the support of his children while he had custody of them pursuant to the shared parenting agreement, he is not responsible to the DHS for aid provided to his children while they were in his former spouse's custody.
DHS sought to recover ADC payments made to Wendy Cutshall who was the mother and former spouse of appellant pursuant to R.C.5107.04(C) which states as follows:
 The county department of human service shall take action to recover erroneous payments, which may include instituting a civil action. Whenever aid has been furnished to a recipient for whose support another person is responsible such other person shall, in addition to the liability otherwise imposed, as a consequence of failure to support such recipient, be liable for all aid furnished to such recipient. The value of the aid so furnished may be recovered in a civil action brought by the county department.
It is not contested that appellant provided for the support of his children when they were in his custody. The testimony included that appellant provided the primary home for the children and he provided everything they needed, i.e. food, clothing, medicine, health insurance. T. at 13-14, 17. While the children were with their mother, their grandparents provided some of the shelter and food for them. Appellant would reimburse them for items such as medicine purchased for the children. T. at 15-16. Wendy Cutshall had custody 50% of the time with the grandparents essentially being the babysitters while both appellant and the mother worked or went to school. T. at 22. The shared parenting agreement established appellant as the residential parent.
 2. Although the minor children shall reside principally with the Father, the Mother shall have the right of liberal visitation with the minor children with the objective of sharing equally between the Father and the Mother the time with the children. Said visitation shall be coordinated with the schedules of the children and the work schedules of the Father and the Mother. The Mother shall have visitations with the minor children each weekday morning, all day Saturdays, and two to three overnight visitations each week upon such days as the parties shall agree. The Father shall have visitations with the minor children each weekday evening, all day on Sundays and four to five overnights each week upon such days as the parties shall agree.
DHA argues that it does not matter that the father supported the children while in his care because R.C. 3103.03 mandates a parent to support his or her minor children. Therefore appellant is liable for the ADC payments made sub judice.
The specific language of R.C. 5107.04(C) provides for recoupment of support against a person who fails to support a recipient of ADC benefits. The uncontested evidence sub judice is that appellant did not fail to support his children. Therefore, appellant is not liable under the statute for ADC support paid to the mother of the children when he is the residential parent and providing for the support of his children during his time for custody.
We hereby sustain Assignment of Error I and based upon that decision find the remaining assignments of error to be moot. The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby reversed and remanded to the trial court for judgment consistent with this decision.
By Farmer, P.J. and Gwin, J. Concur.
Hoffman, J. Dissents.